UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| JACK VICKERY,<br><br>        Plaintiff,<br><br>v.<br><br>MICKEY PORTER,<br><br>        Defendant. | Case No. 14-2003 |

**REPORT AND RECOMMENDATION**

In December 2013, Plaintiff Jack Vickery brought suit in Illinois state court under 42 U.S.C. § 1983 against Defendant Mickey Porter, in his individual and official capacity as mayor of Momence, Illinois, alleging that Defendant violated his due process rights in a dispute over a fence on Plaintiff's property. In January 2014, Defendant removed the case to this Court. Jurisdiction is proper because Plaintiff's claim raises a federal question. *See* 28 U.S.C. § 1331.

Defendant has filed a Motion to Dismiss (#2), which Plaintiff opposes (#6). The Court has permitted Defendant to file a reply in support of his motion (#8). After careful consideration of the parties' arguments, the Court recommends that Defendant's Motion to Dismiss **(#2)** be **GRANTED**.

**I. Background**

The Court takes the following background from Plaintiff's complaint and the documents he attaches in support, accepting all well-pleaded factual allegations as true. *See AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). Plaintiff built a trellis-style fence on his property in Momence. Although Plaintiff purchased two permits to construct the fence and Momence had no ordinance prohibiting such a fence, Defendant caused the Momence police department to issue Plaintiff five $100 tickets for a permit violation. When Plaintiff did not pay the fines, Momence referred enforcement of the tickets to the City of Kankakee Adjudication Department, which held an administrative hearing regarding Plaintiff's permit violation on

November 15, 2012. Plaintiff did not receive notice of the hearing and did not appear. The administrative law judge entered a default judgment against Plaintiff for $625. (#1-1, p. 14.) Plaintiff does not allege that he failed to receive notice of the default judgment.

Plaintiff claims that Defendant violated his procedural and substantive due process rights by 1) failing to provide notice of the hearing and 2) causing the hearing to be conducted not in Momence, but in Kankakee.

## II. Legal Standard

Defendant moves to dismiss Plaintiff's complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss for failure to state a claim serves to test the sufficiency of the complaint, not to decide the merits of the case. *See AnchorBank*, 649 F.3d at 614. To survive a motion to dismiss, the complaint need only contain sufficient factual allegations to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this standard, the allegations in the complaint must, one, be detailed enough to "give the defendant 'fair notice of what the claim is and the grounds upon which it rests,'" and, two, "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 554, 555) (alteration omitted).

In considering a motion to dismiss for failure to state a claim, the Court must evaluate the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in the plaintiff's favor. *AnchorBank*, 649 F.3d at 614. The Court is generally limited to the allegations in the complaint, but it is well-settled that the Court "may consider documents attached to or referenced in the pleading if they are central to the claim." *Citadel Grp. Ltd. v. Wash. Reg'l Med. Ctr.*, 692 F.3d 580, 591 (7th Cir. 2012). Here, the Court considers the documents attached to Plaintiff's complaint, including the order of the administrative law judge entering default judgment against him (#1-1, p. 14).

## III. Discussion

### A. Procedural Due Process

A plaintiff states a procedural due process claim by alleging "(1) deprivation of a protected interest, and (2) insufficient procedural protections surrounding that deprivation." *Michalowicz v. Vill. of Bedford Park*, 528 F.3d 530, 534 (7th Cir. 2008). Defendant does not contest that Plaintiff was deprived of a protected interest but, instead, maintains that Plaintiff cannot now challenge as insufficient the procedural protections he was afforded because he failed to exhaust his post-deprivation remedies by appealing the judgment pursuant to the Illinois Administrative Review Act. Plaintiff, in contrast, contends that no matter the post-deprivation remedies that were available to him, he was entitled to notice before the hearing. Furthermore, Plaintiff adds that Momence's practice of referring enforcement of permit violations to Kankakee violated his due process rights by requiring him to attend a hearing outside of his own city.

The type of procedural protection required by the Due Process Clause varies between "'(a) claims based on established state procedures and (b) claims based on random, unauthorized acts by state employees." *Leavell v. Ill. Dep't of Natural Res.*, 600 F.3d 798, 804 (7th Cir. 2010) (quoting *Rivera-Powell v. New York City Bd. of Elections*, 470 F.3d 458, 465 (2d Cir. 2006)). "If the plaintiff alleges that 'the deprivation is pursuant to an established state procedure, the state can predict when it will occur and is in the position to provide a pre-deprivation hearing.'" *Id.* at 805 (quoting *Rivera-Powell*, 470 F.3d at 465). "By contrast, 'when the state conduct in question is random and unauthorized, the state satisfies procedural due process requirements so long as it provides a meaningful post-deprivation remedy.'" *Id.* (quoting *Rivera-Powell*, 470 F.3d at 465) (alterations omitted).

Therefore, the initial question is whether Plaintiff alleges deprivations caused by an established state procedure or one that was random and unauthorized. Addressing first his allegation that he did not receive notice of the hearing, the order entering judgment against Plaintiff indicates that, under established city policy, he should have received notice of the hearing: "This matter heard in accordance with the Administrative Hearing Process of the City of Kankakee; *required notice having been provided by law*; and the Adjudication Hearing Officer being fully advised of said matter, having considered all motions, evidence, and arguments presented . . . ." (#1-1, p. 14 (emphasis added).) Therefore, the city's failure to provide notice in

3

Plaintiff's case did not occur pursuant to an established policy but, instead, was a random and unauthorized deprivation.

"[F]or a plaintiff alleging a procedural due process claim based on 'random and unauthorized' conduct of a state actor, the plaintiff must either avail herself of state post-deprivation remedies 'or demonstrate that the available remedies are inadequate.'" *Leavell*, 600 F.3d at 805 (quoting *Doherty v. City of Chicago*, 75 F.3d 318, 323 (7th Cir. 1996)). Here, Plaintiff does not contest that he failed to avail himself of post-deprivation remedies, nor does he argue that these remedies were inadequate. Plaintiff does not dispute that he could have, but did not, file an appeal in the state Circuit Court within 35 days of entry of judgment against him, as allowed by the Illinois Administrative Review Act. *See* 735 ILCS 5/3-103; *Stachowski v. Town of Cicero*, 425 F.3d 1075, 1078 (7th Cir. 2005) ("Stachowski could have sought administrative review of the Board's final decision under the Illinois Administrative Review Act. . . . Stachowski's failure to pursue the procedures available to him does not give rise to a due process claim.").

Plaintiff does not contend that an appeal under the Illinois Administrative Review Act was an inadequate post-deprivation remedy. Instead, in response to Defendant's argument that Plaintiff failed to follow procedures available under the Illinois Administrative Review Act, Plaintiff counters that Defendant himself "manipulated the process" by referring enforcement of the fines to Kankakee, which required Plaintiff to travel to Kankakee for the administrative hearing. (#6, p. 3.) The location of the initial administrative hearing, however, has no bearing on the adequacy of the post-deprivation remedies available under the Illinois Administrative Review Act.

Moreover, Plaintiff did not actually attend the hearing in Kankakee because he did not receive notice. Therefore, he cannot claim that Defendant deprived him of due process by requiring him to travel to Kankakee. Furthermore, Plaintiff fails to explain how the requirement that he travel thirteen miles[1] from Momence to appear for a hearing in Kankakee violated his

---

[1] The Court takes judicial notice of the distance between Momence and Kankakee, as allowed on a 12(b)(6) motion. *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012).

4

rights under the Due Process Clause. Plaintiff points to an Illinois law providing that a city shall establish an administrative hearing unit within its own municipal government. *See* 65 ILCS 5/1-2.1-4(a) ("An ordinance establishing a system of administrative adjudication, pursuant to this Division, shall provide for a code hearing unit within an existing agency or as a separate agency in the municipal government."). Although Plaintiff may be correct that state law requires Momence to create a hearing unit for code violations, Plaintiff cites no authority for his suggestion that Momence's practice of referring enforcement to a nearby city is constitutionally deficient under the Due Process Clause.

Therefore, the Court finds that Plaintiff fails to state a claim for violation of his procedural due process rights.

### B. Substantive Due Process

Plaintiff also claims that Defendant's actions were sufficiently arbitrary and oppressive so as to violate Plaintiff's substantive due process rights. Substantive due process is an extremely narrow concept that prohibits "an abuse of government power which 'shocks the conscience.'" *Tun v. Whitticker*, 398 F.3d 899, 902 (7th Cir. 2005) (quoting *Rochin v. California*, 342 U.S. 165, 172 (1952)). The conduct alleged here does not meet this high threshold. *See id.* at 903 ("It is one thing to say that officials acted badly, even tortiously, but—and this is the essential point—it is quite another to say that their actions rise to the level of a constitutional violation. We have declined to impose constitutional liability in a number of situations in which we find the officials' conduct abhorrent."); *see also Viehweg v. City of Mount Olive*, --- F. App'x ----, No. 13-3006, 2014 WL 1017100, at *2-3 (7th Cir. Mar. 18, 2014) (finding government conduct, though "deeply troubling," did not shock the conscience where plaintiff alleged city officials intimidated him and brought a frivolous lawsuit against him to persuade him to demolish his garage).[2]

---

[2] Defendant raises the following additional arguments: Plaintiff's individual capacity claim against Defendant fails because he does not allege that Defendant had personal involvement in the alleged deprivation of due process; and Plaintiff's official capacity claim against Defendant fails because it is, effectively, against Momence, and Plaintiff does not set forth a plausible claim to support municipal liability. *See Sow v. Fortville Police Dep't,* 636 F.3d 293, 300 (7th Cir. 2011); *see also Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). The Court does not reach these arguments because it has decided the motion on other grounds.

### III. Conclusion

For these reasons, the Court recommends that Defendant's Motion to Dismiss **(#2)** be **GRANTED**. However, the Court recommends that Plaintiff be given leave to file an amended complaint.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 21st day of May, 2014.

s/DAVID G. BERNTHAL
UNITED STATES MAGISTRATE JUDGE