UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

JACK VICKERY,

      Plaintiff,

v.                                                                       Case No. 14-2003

MICKEY PORTER,

      Defendant.

## OPINION AND ORDER

This matter comes before the Court on Defendant's Motion for a Protective Order Prohibiting Certain Discovery (# 20). Plaintiff has responded to the Motion (# 21). After careful consideration of the parties' arguments, for the reasons set out below, the Motion **(# 20)** is **DENIED**.

In June 2014, Plaintiff filed an Amended Complaint (# 12), alleging that Defendant, the Mayor of the City of Momence, caused Plaintiff to be issued permit violations for constructing a decorative trellis in the side-yard of his property without a building permit. Plaintiff alleged that there was no City ordinance that prevented him from constructing his fence, and that he had purchased two permits for this purpose. Nonetheless, five $100 tickets were issued to Plaintiff. An administrative hearing was held without notice to Plaintiff and a default judgment was entered against him, of which Plaintiff did not have notice until after his appeal rights had allegedly passed. In his prayer for relief, Plaintiff asks the Court, in part, to declare Defendant's actions unconstitutional, to issue an injunction prohibiting Defendant from enforcing further citations against Plaintiff for the fence in question, and to issue an injunction ordering Defendant to dismiss the fine levied against him with prejudice.

In his October 2014, Motion for a Protective Order (# 20), Defendant objects to eight of Plaintiff's Rule 26 witness disclosures, including individuals who Plaintiff claims will testify

regarding the building permits he obtained for building the fence, city ordinances and variances, the city council hearing regarding this matter, the variance committee, and the City's refusal to produce documents requested pursuant to FOIA. Defendant argues that these witnesses are not alleged to have information reasonably calculated to lead to the discovery of admissible evidence of Plaintiff's due process claim, because his due process claim can be narrowed down to the failure of the City to provide Plaintiff with notice of the hearings or the decision against him, and that the only interest at issue is the $625 fine that has been levied against Plaintiff. Therefore, Defendant argues, the witnesses identified are beyond the scope of Federal Rule of Civil Procedure 26(b)(1), which permits "discovery regarding any non-privileged matter that is relevant to any party's claim or defense," because it is "not reasonably calculated to lead to the discovery of admissible evidence," *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

However, the Court notes that the Complaint challenges not only the fines already levied, but the authority of Defendant to impose any subsequent fines (presumably even if proper notice procedures are followed) for the continued existence of the fence. Plaintiff's identified witnesses are alleged to have information relating to the underlying merit of levying a fine against Plaintiff on account of his fence, and given that subsequent fines could be imposed in the future, the witnesses identified by Plaintiff may indeed have information "reasonably calculated to lead to the discovery of admissible evidence" related to his request to enjoin Defendant from enforcing further citations against him for the subject fence. *Id.* Therefore, Defendant's Motion for a Protective Order Prohibiting Certain Discovery **(# 20)** is **DENIED**.

It is so ordered.

ENTERED this 3rd day of November, 2014.

s/DAVID G. BERNTHAL  
UNITED STATES MAGISTRATE JUDGE